IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREA VERNE RENFROW,<br><br>      Plaintiff,<br>v.<br><br>KILO KIJAKAZI,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>      Defendant. | Case No. CIV–21–342–JAR |

**OPINION AND ORDER**

Plaintiff Andrea Verne Renfrow (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only

unable to do his previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was thirty-six years old at the time of the administrative hearing. (Tr. 20, 31). She possesses at least a high school education. (Tr. 31). She has worked as a quality control technician. (Tr. 31). Claimant alleges that she has been unable to work since June 26, 2019, due to limitations resulting from fibromyalgia, vertigo, sensory impairment, GERD, endometriosis, and seizures. (Tr. 283).

## Procedural History

On September 19, 2019[2], Claimant protectively filed for disability insurance benefits pursuant to Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Christopher Hunt ("ALJ") issued an unfavorable decision on March 31, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

---

[2] Although the ALJ misstates that Claimant filed her application for disability insurance benefits on August 19, 2019, according to the record Claimant filed her application on September 19, 2019. (Tr. 20, 187–195)

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform light work with limitations.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to analyze Claimant's impairments[3] at step two, and (2) failing to include all of Claimant's limitations in the RFC and the hypothetical questioning of the vocational expert at step five.

### Consideration of Obesity

In his decision, the ALJ determined Claimant suffered from the severe impairments of obesity, epilepsy, fibromyalgia, anxiety, and obsessive-compulsive disorder (OCD). (Tr. 22). The ALJ concluded that Claimant retained the RFC to perform light work with limitations. Specifically, the ALJ found that Claimant can occasionally lift and/or carry twenty pounds as well as climb stairs or ramps, balance, stoop, kneel, crouch, and crawl. Claimant can frequently lift and/or carry 10 pounds as well as grasp, handle, and perform other fine motor functions. Claimant can stand and/or walk as well as sit for six hours out of an eight-hour workday. However, the ALJ found that Claimant is unable to climb

---

[3] Claimant argues that the ALJ failed to analyze the impairments he found to be severe at step two including epilepsy, anxiety, OCD, and obesity. Further, Claimant additionally argues that at step two the ALJ "failed to mention" Claimant's history of carpal tunnel syndrome, paresthesia, and pain in upper extremities as well as her diagnosed migraines and cervicalgia.

4

ladders, ropes, or scaffolds. Claimant must also completely avoid unprotected heights, dangerous machinery, sharp objects, open flames, and bodies of water. The ALJ determined that Claimant has a level four reasoning level, which means Claimant can apply principles of rational systems to solve practical problems and deal with a variety of concrete variable in situations where only limited standardizations exist. The ALJ stated that some examples of 'rational systems' included bookkeeping, internal combustion engines, electric wiring systems, house building, farm management, and navigation. Additionally, Claimant can interpret a variety of instructions furnished in written, oral, diagrammatic, or schedule form. The ALJ found that Claimant cannot adhere to strict production standards such as fast paced integral team assembly line work or poultry processing. (Tr. 26–27).

After consultation with a vocational expert, the ALJ found that Claimant could perform the representative jobs of collator operator, routing clerk, and clerical mailer. (Tr. 32). As a result, the ALJ found Claimant had not been under a disability from June 26, 2019, the alleged onset date, through the date of the decision, March 31, 2021. (Tr. 20, 33).

Claimant contends that the ALJ failed to properly consider and analyze Claimant's impairments at step two. Particularly in reference to Claimant's severe impairment of obesity, Claimant argues that the ALJ did not consider how obesity impacted her other impairments at step two and beyond.

Social Security Ruling 19-2p requires an ALJ consider that "[t]he combined effects of obesity with another impairment(s) may be greater than the effects of

each of the impairments considered separately" when assessing the RFC. Soc. Sec. Rul. 19-2p, 2019 WL 2374244, *4 (May 20, 2019). "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment(s)." *Id.* at *2. Each case is evaluated based on the information in the record, resulting in "an individualized assessment of the effect of obesity on a person's functioning[.]" *Id.* at *2, *4. "[G]eneral assumptions about the severity or functional effects of obesity combined with [other] impairments" will not be made. *Id.* at *4.

At step two, the ALJ determined Claimant's obesity to be a severe impairment. (Tr. 22–23). When discussing the listings at step three, the ALJ mentions Social Security Ruling 19-2p and more or less cuts and pastes a portion of the ruling into his decision without providing any further analysis or conclusion on Claimant's obesity. (Tr. 23–24). Again, at step-four during his RFC determination, the ALJ made no mention of Claimant's obesity outside of noting her BMI from various medical records during his summary of the medical evidence. Nowhere in the opinion does the ALJ explain how Claimant's obesity impacted his RFC determination or the effect that the impairment had on Claimant's other impairments. This Court finds that the ALJ did not sufficiently consider Claimant's obesity in the RFC determination. On remand, the ALJ shall consider Claimant's obesity and its overall effect on Claimant's functionality in light of her other impairments in accordance with Social Security Ruling 19-2p.

Given that this Court is reversing on the ALJ's improper consideration of obesity, it need not address the additional arguments at this time. However, if the ALJ in considering Claimant's obesity finds an alternative RFC, the ALJ shall conform his hypothetical question to the new RFC.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case be **REMANDED** for further proceedings.

**IT IS SO ORDERED** this 30th day of March, 2023.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**